**Alfred L. STONE, Appellant**

v.

**LANDIS CONSTRUCTION CORPORATION and Ethan Landis, Official & Individual Capacity, Appellees.**

**No. 10–7165.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 7, 2011.

Alfred L. Stone, Indianapolis, IN, pro se.

Joel P. Bennett, Law Offices of Joel P. Bennett, PC, Washington, DC, for Appellees.

---

Before: TATEL and GARLAND, Circuit Judges, and GINSBURG, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of both parties. *See* D.C.Cir. R. 34(j). It is

**ORDERED** and **ADJUDGED** that the district court's decision denying appellant Stone's motion for reconsideration and granting summary judgment to appellee Landis is reversed and remanded for further proceedings consistent with this disposition.

In this lawsuit, pro se appellant Alfred Stone contends that Landis Construction discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* On May 6, 2006, Stone, then 55 years old, interviewed with Landis Construction CEO Ethan Landis for a position as a Master Plumber. Stone alleges that following the interview, Landis told him that he was competent to perform the administrative functions of the position, but that Landis had concerns about whether Stone could perform the physical labor because, in Landis's words, "you're old." The company did not immediately fill the position and, almost six months later, hired a 50–year–old as a full-time plumber.

On appeal, the sole issue is whether the district court erred in concluding that because Landis ultimately hired someone only five years younger than Stone, Stone "[c]ould not survive the defendants' summary judgment motion." *Stone v. Landis Constr. Corp.*, 733 F.Supp.2d 148, 155 (D.D.C.2010). Applying the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802,

93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the district court concluded that "no reasonable inference of age discrimination could be drawn from" Stone's "single allegation that ... Landis expressed concerns about whether the [p]laintiff could perform the physical labor because 'you're old.'" *Stone*, 733 F.Supp.2d at 156 (internal quotations omitted). In support of this holding, the district court cited *Kralman v. Ill. Dep't of Veterans Affairs*, 23 F.3d 150, 156 n. 7 (7th Cir.1994), which suggests that, to give rise to a reasonable inference of age discrimination under *McDonnell Douglas*, a worker must be replaced by someone "sufficiently younger." *Id.*

But the *McDonnell Douglas* framework applies only if, as in *Kralman*, the plaintiff relies on an inference of discrimination. Where the plaintiff provides direct evidence of discrimination, *McDonnell Douglas* is inapplicable. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("[I]f a plaintiff is able to prove direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case."). Here, Landis's alleged "you're old" statement qualified as direct evidence of Landis's discriminatory intent. *See Vatel v. Alliance of Auto. Mfrs.*, 627 F.3d 1245, 1247 (D.C.Cir.2011) ("[A] statement that itself shows ... bias in the decision" constitutes direct evidence of discrimination). In light of Landis's alleged statement, Stone was "entitl[ed] ... to a jury trial." *Id.*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.