Thompson v. Whitaker

BIA
Renner, IJ
A099 113 000

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of December, two thousand eighteen.

PRESENT:
　　　　DENNIS JACOBS,
　　　　ROBERT D. SACK,
　　　　SUSAN L. CARNEY,
　　　　　　*Circuit Judges.*
_____

ORA CLEMENTINE THOMPSON, AKA
ABRIANNA R. TINGLE, AKA ORA
THOMPSON,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　17-726
　　　　　　　　　　　　　　　　　　NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　Nicholas J. Mundy, Brooklyn, NY.

FOR RESPONDENT:　　　Chad A. Readler, Acting Assistant
　　　　　　　　　　Attorney General; M. Jocelyn Lopez
　　　　　　　　　　Wright, Senior Litigation Counsel;
　　　　　　　　　　Anna Juarez, Trial Attorney,
　　　　　　　　　　Office of Immigration Litigation,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED IN PART AND DISMISSED IN PART.

Petitioner Ora Clementine Thompson, a native and citizen of Dominica, seeks review of a February 24, 2017, decision of the BIA affirming an October 4, 2016, decision of an Immigration Judge ("IJ") denying Thompson's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ora Clementine Thompson,* No. A 099 113 000 (B.I.A. Feb. 24, 2017), *aff'g* No. A 099 113 000 (Immig. Ct. N.Y. City Oct. 4, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because Thompson's removal order is based on criminal convictions, including an aggravated felony and controlled substance offense, our jurisdiction is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D). We review any such claims de novo. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). We have reviewed both the IJ's and BIA's decisions "for the sake of

completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

Removability

Thompson argues that her order of removal should be vacated because *Harbin v. Sessions,* 860 F.3d 58 (2d Cir. 2017), changed our analysis regarding controlled substance offenses. We have jurisdiction to review whether a conviction is an aggravated felony, *see Pierre*, 588 F.3d at 772, but we find no error in the agency's determination and deny the petition to the extent it challenges removability.

*Harbin* held that New York Penal Law ("NYPL") § 220.31 is not a drug trafficking aggravated felony because the New York definition of "controlled substance" is broader than the federal definition. 860 F.3d at 68. However, Thompson was convicted of controlled substance offenses under NYPL §§ 220.39(1) and 220.44(2), which criminalize sale of a more discrete set of substances. Thompson has not alleged that any controlled substance criminalized under those statutes is not also included in the federal controlled substance schedules. Thompson's convictions for NYPL §§ 220.39(1) and 220.44(2) are therefore aggravated felonies. *See Pascual v. Holder*, 707 F.3d 403, 405 (2d Cir. 2013), *aff'd on reh'g*, 723 F.3d 156 (2d Cir. 2013) (holding that a conviction for sale of a controlled substance under § 220.39(1) is an aggravated

3

felony).  Because these convictions are aggravated felonies, the criminal bar applies:  8 U.S.C. § 1252(a)(2)(C).  So (as discussed below) the petition is dismissed in remaining part as to withholding of removal and CAT relief.

Withholding of Removal

The agency did not commit legal or constitutional error in concluding that Thompson was barred from withholding of removal because she was convicted of a particularly serious crime.  Aliens convicted of "particularly serious crime[s]" are statutorily ineligible for withholding of removal.  8 U.S.C. § 1231(b)(3)(B)(ii).  Presumptively, aggravated felony drug trafficking offenses are particularly serious. *In re Y-L-*, 23 I. & N. Dec. 270, 274 (B.I.A. 2002), *overruled on other grounds by Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).  Thompson's convictions for NYPL §§ 220.39(1) and 220.44(2) are aggravated felony drug trafficking offenses.  *See Pascual*, 707 F.3d at 405.

To overcome the presumption that her aggravated felony drug trafficking convictions were particularly serious, Thompson had to show "extraordinary and compelling circumstances" justifying a "rare" deviation from the presumption.  *In re Y-L-*, 23 I. & N. Dec. at 276.  At minimum, Thompson had to show that her convictions involved:

4

(1) a very small quantity of controlled substance; (2) a very modest amount of money paid for the drugs in the offending transaction; (3) merely peripheral involvement by the alien in the criminal activity, transaction, or conspiracy; (4) the absence of any violence or threat of violence, implicit or otherwise, associated with the offense; (5) the absence of any organized crime or terrorist organization involvement, direct or indirect, in relation to the offending activity; and (6) the absence of any adverse or harmful effect of the activity or transaction on juveniles.

*Id.* at 276–77.

Here, the agency applied the factors, acknowledged Thompson's testimony regarding the circumstances of her convictions, and concluded that Thompson failed to overcome the presumption. Because Thompson acknowledges that the agency applied the proper factors and challenges only the agency's weighing of the facts, we lack jurisdiction to further consider the denial of withholding of removal. *See Nethagani v. Mukasey*, 532 F.3d 150, 154-55 (2d Cir. 2008) (reviewing particularly serious crime determination as to whether "the BIA properly applied its own precedent" but not reviewing the BIA's weighing of the factors).

CAT Deferral

An applicant for CAT deferral must "establish that it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." 8 C.F.R.

5

§§ 1208.16(c)(2), 1208.17(a). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

Thompson's convictions constrain our review to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D); *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015). Thompson has raised no constitutional claim or question of law regarding the agency's denial of CAT protection. Instead, Thompson argues, "this is a simple case of the [agency] misapplying the facts to the law." While legal error may occur where the agency "totally overlook[s]" or "seriously mischaracterize[s]" evidence, Thompson has pointed to no evidence that the agency overlooked. *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009); *see Ortiz-Franco*, 782 F.3d at 91 n.2. And the likelihood of a future event is a finding of fact. *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012). The IJ acknowledged that homosexual conduct is criminalized in Dominica and that there have been incidents in which the law had been applied to women, but relied on more recent reports—the 2013 and 2015 State Department Reports—that the government rarely enforced the

law. Because Thompson has pointed to no evidence that the agency mischaracterized or ignored, we lack jurisdiction to further review the agency's factual finding that Thompson did not demonstrate that it is more likely than not she would be tortured. *See* 8 U.S.C. § 1252(a)(2)(C); *Hui Lin Huang*, 677 F.3d at 134.

Thompson has raised no constitutional question or question of law and challenges only the agency's factual findings and weighing of evidence. This Court is therefore without jurisdiction to further review the agency's decision denying her CAT protection. *See Ortiz-Franco*, 782 F.3d at 86.

For the foregoing reasons, the petition for review is DENIED IN PART AND DISMISSED IN PART. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk