Cleveland J. WHITE, Plaintiff,

v.

Marvin T. RUNYON, Jr., Postmaster
General, United States Postal
Service, Defendant.

Civ. A. No. 3:94cv751.

United States District Court,
E.D. Virginia,
Richmond Division.

May 31, 1995.

Leonard W. Lambert, Richmond, VA and Alexander I. Kranz, Clark & Kranz, Stuart, FL, for plaintiff.

Debra J. Prillaman, Office of the U.S. Atty., Richmond, VA, for defendant.

## MEMORANDUM OPINION

PAYNE, District Judge.

This action is before the court on the motion of the Postmaster General for summary judgment. White's Complaint alleges that the United States Postal Service ("USPS") violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34, when it denied him the opportunity to interview for a promotion to Postmaster for Fredericksburg. Runyon has moved for summary judgment arguing that: (1) White fails to meet the fourth prong of the *McDonnell Douglas* test; and (2) White has identified no evidence which would establish that the non-discriminatory reasons Defendant has proffered for the personnel decision were pretextual. The court finds that summary judgment is appropriate on the strength of the former argument and hence does not address the alternative ground.

### STATEMENT OF FACTS

The USPS issued an announcement to solicit applications for the position of Postmaster in Fredericksburg, Virginia on February 19, 1992. One of ten to apply, White submitted his application on February 25. A Review Board of postal managers with experience in the Postmaster position was assembled to evaluate the applications, in accordance with USPS procedure. On April 3, 1992, the Board, consisting of Joseph Raia, Gail Sonnenberg, and Richard Hare, selected the three applicants whom they concluded to be best qualified and whom they recommended for interviews. The applicants chosen for interview were 40, 43 and 46 years of age. White was 57 years of age at the time.

After learning that he would not be interviewed, White timely sought Equal Employment Opportunity (EEO) counseling, after which he filed a formal administrative complaint charging age discrimination. During the investigation of the administrative complaint, Raia, Sonnenberg, and Hare submitted EEO Affidavits briefly stating reasons why they did not select White. White initiated this action on October 12, 1994, after having sufficiently exhausted his administrative remedies. In support of its motion, the Postmaster General has submitted Declarations of the three Review Board members stating with slightly more specificity their reasons for not selecting White. Because White relies heavily on a comparison between these Declarations and the EEO Investigative Affidavits, a summary of these documents is appropriate.

In his Declaration, (¶ 11), Hare recalls that the other Review Board members questioned the recommendation of White's supervisor and that all three members agreed not to select White. Hare's EEO Affidavit states simply that all of the applicants were well qualified and that the Board was unanimous in its choice of the top three applicants. Hare was the one Review Board member acquainted with White. (Hare Declaration, ¶ 6.) He notes,

> I recall that I wanted to be sure that Mr. White got the benefit of the doubt when his application was considered, because I knew that he had held a position as a Level 22 manager in Richmond, Virginia, in which he had not been successful. But I believed that he might be ready for that level of responsibility again.

(*Id.*, ¶ 7.)

Sonnenberg recalls, in her Declaration, (¶ 16), that she did not select White because he lacked experience with city letter carriers and because she questioned his recommendations. Her EEO Affidavit cites the lack of city experience as the only reason for her decision. Moreover, White's application reflects that he had been Postmaster in South Plainfield, New Jersey, but Sonnenberg did not learn until after filing her EEO Affidavit that this position required supervising city letter carriers. (*See* Sonnenberg Declaration, ¶¶ 13, 14, 18.) Thus, she volunteers in the Declaration that "[e]ven if [she] had known of the employee complement of the South Plainfield, New Jersey post office at the time [her] decision was made," she believes the three applicants selected were all "better qualified." (*Id.*, ¶ 19.) To excuse her mistake, Sonnenberg avers that, unlike White, "the other applicants selected as candidates for interviews did mention, in their narrative responses on [their applications],

specific experience with city carrier routes." (*Id.*, ¶ 14.)

Finally, Raia recalls in his Declaration, (¶ 14), that he did not select White because: (i) the recommendation of White's manager was "tepid"; (ii) he apparently lacked city experience; and (iii) "he did not have as much community involvement as some of the other candidates." Raia's EEO Affidavit states essentially the same three reasons. Raia, too, did not learn of South Plainfield's employee complement until after filing the EEO Affidavit. (*See* Raia Declaration, ¶¶ 11, 17.) He likewise avers that even considering that city experience, the three selectees were all "better qualified." (*Id.*, ¶ 18.)

## DISCUSSION

### A. The Standard for Summary Judgment

■ Summary judgment is appropriate only when there is no issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A moving party is entitled to summary judgment if the nonmovant fails to provide sufficient support on an essential element of the case for which it has the burden of proof. *See Houchens v. American Home Assurance Co.*, 927 F.2d 163, 165 (4th Cir.1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). The evidence should be viewed in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Ross v. Communications Satellite Corp.*, 759 F.2d 355 (4th Cir. 1985). Moreover, summary judgment is not appropriate "even when there is no dispute as to the evidentiary facts but only as to the conclusions to be drawn therefrom." *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979). Still, there is no genuine issue for trial where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

### B. The ADEA

■ To prove an ADEA violation at trial, White would have to prove that, but for a decisionmaker's discrimination on the basis of age, he would have been allowed to interview for the Fredericksburg position. *See* 29 U.S.C. § 623(a)(1); *Goldberg v. B. Green and Co.*, 836 F.2d 845, 847 (4th Cir.1988). White may prove his case "under ordinary principles of proof" or he may rely upon "the judicially created proof scheme for Title VII cases" established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), and applied to the ADEA in *E.E.O.C. v. Western Electric Co.*, 713 F.2d 1011, 1014 (4th Cir. 1983). *See Goldberg*, 836 F.2d at 847–48.

■ Using the *McDonnell Douglas* scheme, a plaintiff in White's position must establish a *prima facie* case of discrimination by showing: (1) that he is a member of the class protected by the ADEA; (2) that he applied, and was qualified to be interviewed, for the position; (3) that he was not chosen for an interview; and (4) that someone outside of the protected class was selected for an interview. *See id.* at 849. Then, if the plaintiff carries his burden, the burden of production shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *E.E.O.C. v. Clay Printing*, 955 F.2d 936, 941 (4th Cir.1992).

The fourth prong of the *McDonnell Douglas* scheme for establishing a *prima facie* case would, if applied without modification, require, at least, that one person selected for an interview instead of White be outside of the protected class. The protected class under the ADEA was, until recently, those age 40 to 70. Now it is those age 40 and above. 29 U.S.C. § 631(a). Under such a scheme, White, age 57 in 1992, would have no sustainable claim, absent traditional evidence of discrimination, because the selectees were ages 40, 43, and 46 in 1992, and therefore all were in the protected class.

Several circuits, however, have modified the fourth prong in the context of the ADEA by developing what appears to be the majority rule that the employee preferred over the plaintiff need only be younger than the plaintiff. *See Carter v. City of Miami*, 870 F.2d 578, 583 n. 14 (11th Cir.1989) (noting that "[t]he need for increased flexibility in apply-

ing the prima facie criteria to age discrimination cases has been widely acknowledged in the courts," and collecting cases requiring that the plaintiff's replacement merely be younger). This modification has been adopted by the Courts of Appeals for the First, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits. *See, e.g., id.* at 583 & n. 14 (citing cases from all of these circuits but the Seventh); *Kralman v. Illinois Dept. of Veterans' Affairs,* 23 F.3d 150 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 359, 130 L.Ed.2d 313 (1994).

The principal reason for the modification is that:

> [a]ge, unlike race or sex, "is not a discreet and immutable characteristic of an employee which separates the members of the protected group indelibly from persons outside the protected group. Rather, age is a continuum along which the distinctions between employees are often subtle and relative ones."

*Carter,* 870 F.2d at 583 (citation omitted).

That view is a logical one; however, it is not this court's prerogative to weigh the competing arguments in the abstract in order to decide this action because the issue has been determined otherwise in this circuit in *E.E.O.C. v. Clay Printing Co.,* 955 F.2d 936 (4th Cir.1992), which was decided several years after the publication of *Carter* and the cases on which it relies. There, the EEOC complained of the discharge of five of Clay Printing's employees. The two who were replaced by employees under age 40 succeeded in meeting *McDonnell Douglas*'s fourth prong. *See id.* at 943. Three others, however, were replaced by persons who were within the ADEA's protected class; and these three, therefore, could not satisfy the fourth prong.[1] *See id.* at 939, 943.

The Fourth Circuit observed that, to satisfy the fourth prong, on that record: "[E]ach claimant would have to satisfy the fourth element of a *prima facie* case by establishing 'that persons outside the protected class were retained in the same position or that there was some other evidence indicating that the employer did not treat age neutrally in deciding to dismiss the plaintiff.'" *Id.* at 941 (citations omitted).[2] The latter possibility, however, appears to be appropriate only for a reduction-in-force case, *see id.* at 941; *Tuck v. Henkel Corp.,* 973 F.2d 371, 375 (4th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1276, 122 L.Ed.2d 671 (1993), because in such cases, "the claimant's job is often phased out and thus he would be unable to point to a replacement." *E.E.O.C. v. Western Elec. Co.,* 713 F.2d 1011, 1014 (4th Cir. 1983). This is not a reduction-in-force case and the "failure to treat age neutrally" doctrine does not apply here.

## C. White's Case

■ The fourth prong of *McDonnell Douglas* is therefore applied without modification to this case, and White has failed to meet it. Nor has White offered sufficient evidence to prevail under traditional principles of proof. Indeed, his only effort to that end has been to question the reasons proffered by the Review Board members for their non-selection of him by pointing to inconsistencies in the declarations offered here and those presented in the EEO proceedings. Those inconsistencies, however, do not show discrimination on the basis of age.

■ In attempting to show that the reasons cited by the Review Board members for his non-selection are "unworthy of credence," *Clay Printing,* 955 F.2d at 941 (quoting *Texas Dep't of Community Affairs v. Burdine,*

---

1. The last position held by the discharged employee who was age 53 was not filled, but his old position was filled by an employee who was age 48. *Clay Printing,* 955 F.2d at 938, 943. The last position of the discharged employee who was age 60 was filled by a person of unknown age. Two of her previous positions with the employer were filled by employees of age 46 and 53. *Id.* The position of the 40–year–old discharged employee was filled by a 56– or 57–year–old, who was replaced by a 35–year–old sixteen months

later, purportedly for sleeping on the job. *Id.* at 939.

2. A very recent unpublished disposition of the Fourth Circuit supports the *Clay Printing* requirement that a replacement be outside of the protected class and acknowledges that this requirement is contrary to the flexible rule adopted in other circuits. *O'Connor v. Consolidated Coin Caterers Corp.,* 1995 WL 234199, *4 & n. 1 (4th Cir., April 21, 1995) (unpublished disposition).

**880**

450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981)), White relies heavily on the apparently mistaken impression held by Raia and Sonnenberg concerning his city experience. This mistake is barely probative of pretext, however, much less of a pretext to disguise age discrimination. Had White presented a *prima facie* case of discrimination, the defendant's burden would be met by citing a legitimate, non-discriminatory reason for White's non-selection, regardless of whether that reason is based on a belief mistakenly held at the time of the decision. *See Pollard v. Rea Magnet Wire Co.*, 824 F.2d 557, 559 (7th Cir.1987) ("If you honestly explain the reasons behind your decision, but the decision was ill-informed or ill-considered, your explanation is not a 'pretext.' "). This rule is consistent with the underlying inquiry: Did the employer make its decision because of the plaintiff's age? Thus, like the other questions White raises concerning the non-discriminatory reasons proffered by the Review Board members, the mistaken belief held by Sonnenberg and Raia at the time of the Review Board's decision is insufficient evidence of age discrimination to create a genuine factual dispute.

## CONCLUSION

For the foregoing reasons, the defendant's Motion for Summary Judgment is granted.

It is so ORDERED.