_____

No. 95-1978
_____

Michael J. Derickson, Sr.,          *
                                     *
          Appellant,                 *    Appeal from the United States
                                     *    District Court for the
     v.                              *    Eastern District of Missouri.
                                     *
Fidelity Life Association,           *
                                     *
          Appellee.                  *

_____

          Submitted:  December 12, 1995

               Filed:  February 27, 1996
_____

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.
_____


WOLLMAN, Circuit Judge.


     Michael J. Derickson, Sr. appeals the district court's grant
of summary judgment for defendant Fidelity Life Association
(Fidelity) in this diversity action for payment of proceeds on a
life insurance policy.  We reverse and remand for trial.


I.    BACKGROUND


     Fidelity issued a $50,000 insurance policy on the life of
Christopher Derickson in December 1992.  The policy named
Christopher's father, Michael J. Derickson, Sr. (Derickson), as the
beneficiary.  At 7:20 p.m., April 13, 1993, Christopher was killed
in a one-car accident in which his car crossed the center line and
collided with a metal railing and two parked cars as he was driving
from the hospital after the birth of his first child.  He had been
awake for approximately thirty-six hours and was on his way to his
parents' house to sleep.  The only witness to the accident stated
in his deposition that Christopher did not apply his brakes and

that he must have fallen asleep at the wheel.  The witness stated that Christopher was not speeding or driving recklessly at the time of the accident.

Because the accident occurred within the two-year contestibility period of the policy, Fidelity investigated Derickson's claim for benefits.  The investigation uncovered that Christopher's application for insurance included a misrepresentation regarding his driving record.  In response to the question:  "Have you had your driver's license suspended or revoked in the past three years," the "No" box was checked and Christopher's driver's license number was written in the space provided.  Christopher's driving record showed that his driver's license had been suspended nine times and revoked four times in the three years prior to the application date, the most recent revocation occurring on June 30, 1992.  Christopher's driving offenses included running stoplights or stop signs, following too close, speeding, failing to yield the right of way, and driving with a suspended license.  Christopher's license was under revocation at the time of the accident.

Fidelity denied coverage and returned the paid premiums to Derickson, stating that it would not have issued the policy had it known of Christopher's poor driving record.  Derickson then brought this action to recover the policy amount, plus interest, costs, and attorney's fees.

## II.  DISCUSSION

We review the district court's grant of summary judgment de novo, and we will affirm if the evidence, viewed in the light most favorable to the non-moving party, shows that no dispute of material fact exists and that the moving party is entitled to judgment as a matter of law.  Michalski v. Bank of America Ariz., 66 F.3d 993, 995 (8th Cir. 1995).  If the evidence would allow a

reasonable jury to return a verdict for the non-moving party, summary judgment is not appropriate. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Because this is a diversity case, we also review de novo the district court's interpretation of state law. <u>Michalski</u>, 66 F.3d at 995 (citing <u>Salve Regina College v. Russell</u>, 499 U.S. 225, 231 (1991)).

Missouri law requires that the matter misrepresented in an application for life insurance must have "actually contributed" to the insured's cause of death to be deemed material and to thus render the policy void. <u>See</u> Mo. Rev. Stat. § 376.580 (1986); <u>Bellamy v. Pacific Mut. Life Ins. Co.</u>, 651 S.W.2d 490, 493 n.2 (Mo. 1983) (en banc). This causation issue is a question for the trier of fact. <u>United States v. Home Life Ins. Co.</u>, 508 F. Supp. 559, 563 (E.D. Mo. 1980). The court must determine, however, whether the evidence authorizes submission of the case to the jury. <u>Winger v. General American Life Ins. Co.</u>, 345 S.W.2d 170, 182 (Mo. 1961).

Although Derickson asserted that Christopher's application was filled out by the insurance agent using one of Christopher's previous policies, Derickson does not dispute that Christopher signed the application and is thus responsible for making the false representation. The dispute between the parties, then, is whether the matter falsely represented contributed to Christopher's death. Fidelity argues that Christopher misrepresented the fact that he was a reckless and negligent driver and that his negligent driving was the cause of his death. Thus, his misrepresentation contributed to his death as a matter of law. Derickson, on the other hand, argues that Christopher was not driving recklessly, as in his past offenses, and that whether he was negligent in this instance in falling asleep at the wheel is a factual question that should be left to the trier of fact.

We conclude that the causation issue in this case should have been left to the jury. We believe that a jury could reasonably

find that Christopher was not negligent or reckless in driving home after being up all night in attendance at the birth of his first child. Thus, a jury could find that the matter Christopher misrepresented--his reckless or negligent driving record--did not contribute to the accident, no more than did the fact that Christopher's license was under revocation at the time of the accident cause his death.

Fidelity's reliance on Home Life, 508 F. Supp. at 559, is misplaced. In that case, the judge was the trier of fact, and he determined as a factual matter and not as a matter of law that the issue the insured misrepresented in his insurance application--his failure to reveal his emotional instability--contributed to his suicide. The same factual analysis is required in the present case.

The judgment is reversed, and the case is remanded to the district court for trial.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.