21 F.Supp.2d 1040 (1998)
Nancy HUMPHRIES, Plaintiff,
v.
NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Defendant.
No. 1:97CV00012 ERW.
United States District Court, E.D. Missouri, Southeastern Division.
June 8, 1998.
*1041 Malcolm H. Montgomery, Johnson & Montgomery, Cape Girardeau, MO, for plaintiff.
Karen A. Baudendistel, Armstrong & Teasdale, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
WEBBER, District Judge.
This matter is before the Court on defendant's motion for summary judgment [document # 16].
Plaintiff Nancy Humphries brought this cause of action against defendant Northwestern Mutual Life Insurance Company ("Northwestern") in the Circuit Court of Cape Girardeau County, Missouri on December 18, 1996. Plaintiff is the beneficiary under a life insurance policy issued by defendant. Plaintiff alleges that defendant has failed and refused to pay to plaintiff the death benefits provided under the terms of the policy. On January 21, 1997, defendant removed this cause to this Court. Defendant now moves for summary judgment.

I. Standard
The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir.1988) (moving party has the burden of clearly establishing the non-existence of any genuine issue of fact material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir.1984).
Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R.Civ.P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
When evaluating a motion for summary judgment, the Court must view the facts in the light most favorable to the party against whom the motion is directed, giving such party the benefit of all reasonable inferences to be drawn from the facts. Portis v. Folk Constr. Co., 694 F.2d 520, 522 (8th Cir.1982). With these principles in mind, the Court now turns to an examination of the facts.

II. Facts
On or about November 9, 1995, Ronald Humphries signed an application for life insurance with Northwestern Mutual. Mr. Humphries' wife, Nancy, was named as the beneficiary. On the application for the policy, Mr. Humphries falsely answered a question regarding his driving history. He indicated that within the last five years he had not been in a motor vehicle accident, been charged with a moving violation of any motor vehicle law, or had his license restricted, suspended or revoked, when in fact he had been convicted of driving while intoxicated on May 1, 1995, and his license was suspended effective July 9, 1995.
On July 26, 1996, Mr. Humphries died in a one-car accident. Mr. Humphries' blood alcohol level was determined to be .229, and John Carpenter, the Cape Girardeau County Coroner, concluded that Mr. Humphries' death was alcohol related.
On or about September 3, 1996, plaintiff furnished to defendant proof of decedent's death, and demanded payment of the proceeds and benefits as provided in the policy *1042 in the amount of $250,000. Defendant refused to pay plaintiff the death benefits provided under the terms of the policy. Plaintiff thereafter filed this action to collect on the policy.

III. Discussion
Defendant contends that summary judgment should be granted in its favor because decedent misrepresented in his application that he had never been convicted for driving while intoxicated, and he died as a direct result of driving while intoxicated. Defendant asserts that plaintiff offers no evidence that decedent died of a heart attack or sleep apnea[1], and that any suggestion of such by plaintiff is mere speculation.
Plaintiff maintains that pursuant to § 376.580 RSMo, a matter allegedly misrepresented in an insurance policy must contribute to the cause of death, and whether the misrepresentation did contribute is a question for the trier of fact. Therefore, plaintiff asserts that it is for the jury to determine whether decedent's alleged misrepresentation regarding his DWI conviction directly contributed to his death.
In Missouri, a misrepresentation made in obtaining an insurance policy does not render the policy void unless the matter misrepresented actually contributed to the event which causes the policy to become due  in this case, decedent's death. § 376.580 RSMo; Derickson v. Fidelity Life Ass'n, 77 F.3d 263, 264 (8th Cir.1996). Whether the misrepresentation so contributed is a question for the jury. Id. (citing Bellamy v. Pacific Mut. Life Ins. Co., 651 S.W.2d 490, 493 n. 2 (Mo.1983)). However, the Court must determine whether the evidence authorizes submission of the case to the jury. Id. (citing Winger v. General American Life Ins. Co., 345 S.W.2d 170, 182 (Mo.1961)).
The Court finds that plaintiff has not carried its burden of showing that a genuine issue of material fact exists as to the causation of decedent's death. See Anderson, 477 U.S. at 249, 106 S.Ct. 2505. Plaintiff does not allege any specific facts which suggest that decedent's death was caused by a heart attack, his sleep apnea, or any other reason. Construing the facts in a light most favorable to plaintiff, the Court finds that decedent's condition of sleep apnea and family history of heart attacks, alone, without any specific facts causally linking these factors to the accident, do not present sufficient evidence where a reasonable jury could find that such was the cause of decedent's death. Therefore, defendant's motion for summary judgment shall be granted.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment [document # 16] is GRANTED.

JUDGMENT
In accordance with the Memorandum and Order of this Court filed on this date and incorporated herein,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that defendant Northwestern Mutual Life Insurance Company ("Northwestern") shall have judgment against plaintiff Nancy Humphries, and that plaintiff's claim for relief against Northwestern is DISMISSED with prejudice.
NOTES
[1] "A temporary suspension of breathing occurring repeatedly during sleep that often affects overweight people or those having a neurological disorder." The American Heritage College Dictionary (3rd ed.1993).