50 F.Supp.2d 931 (1999)
Richard A. LEVY, Plaintiff,
v.
GENERAL ELECTRIC CAPITAL, ASSURANCE CO., Defendant/Third-party Plaintiff,
v.
Debra A. Levy, Third-party Defendant.
No. 4:96CV02128SNL.
United States District Court, E.D. Missouri, Eastern Division.
May 26, 1999.
Brian D. Klar, Attorney, Kazanas and Klar, L.L.C., St. Louis, MO, for Richard A. Levy, plaintiff.
Debra A. Levy, St. Louis, MO, pro se.
*932 Clark H. Cole, Attorney, Patrick J. Kenny, Armstrong Teasdale, LLP, St. Louis, MO, for G.E. Capital, defendant.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
This matter is before the Court on defendant General Electric Capital Assurance Co.'s motion for judgment on the pleadings or, in the alternative, for summary judgment. Plaintiff Richard A. Levy seeks declaratory judgment that he is entitled to the insurance proceeds of an accidental death or injury insurance policy issued to his father, Stanley Levy, by General Electric's predecessor in interest. General Electric counterclaimed for declaratory judgment and interpleaded Debra A. Levy, Stanley Levy's daughter.[1]
Effective April 14, 1990, Stanley Levy (then aged 54) enrolled as a member of a group accident protection plan. The policy provided for payment of a Loss of Life Benefit of $200,000 to a named beneficiary upon receipt by General Electric of "acceptable proof" that the covered person "dies as the result of and within 120 days after a covered accidental injury." The term "covered accidental injury" is defined as a "bodily injury caused directly by an accident, independent of all other cause." The policy further provided that no benefit would be paid for any loss caused or contributed to by suicide or the commission of, or an attempt to commit, a felony by the covered person.
Stanley Levy disappeared on or about May 9, 1990. At the time of his disappearance Stanley Levy had no spouse, but did have two grown children, plaintiff and cross-claim defendant. On February 7, 1997, the Probate Division of the Circuit Court of the City of St. Louis declared Stanley Levy presumptively dead under Mo.Rev.Stat. § 490.620 which provides that if any resident of the state leaves the state and does not return for five successive years, he shall be presumed dead in any case in which his death comes into question, unless there is proof that he was alive during that time. On October 18, 1990, plaintiff filed an accidental death claim with General Electric's predecessor in interest. After the claim was denied, plaintiff initiated this action for declaratory judgment.
General Electric seeks summary judgment on the ground that because Stanley Levy disappeared, plaintiff and third-party-defendant cannot make a sufficient showing that he died as the result of and within 120 days of a covered accident. In opposition to the motion for summary judgment, plaintiff argues that there is a material issue of fact as to whether Stanley Levy died as the result of foul play, which, plaintiff argues, is a covered cause of death under the insurance policy.
In support of this argument, plaintiff submits his own affidavit attesting that prior to his disappearance, his father maintained a close relationship with plaintiff, with whom he communicated almost daily, and with his brother, plaintiff's uncle, Richard Levy. On or about May 6, 1990, his father told him he was driving from St. Louis to visit his friend in Florida. On the night of May 8, his father telephoned plaintiff from the friend's residence and told him he had a meeting the next morning in Fort Lauderdale, Florida, and would immediately thereafter drive straight back to St. Louis. Stanley Levy has not been heard from since, nor has any trace of him been found.
Plaintiff further attests that on May 15, 1990, he filed a missing person report with the Olivette, Missouri, Police Department. Based on his "information and belief" that his father had been participating in "undercover and/or informant activities," he also contacted the Drug Enforcement Agency (DEA) and the United States embassies in various countries seeking information regarding his father's whereabouts. *933 On July 24, 1990, Stanley Levy's car was discovered in the parking garage of the Miami International Airport in Fort Lauderdale. The car had been parked there since May 9, 1990. Plaintiff attests that "at the time of the Vehicle's discovery it was apparent that an unidentified person had broken into the vehicle with an unknown object and had removed certain property from the Vehicle."
Plaintiff submits as exhibits copies of the Olivette Police Department's July 21, 1990 investigative report (Exh. A); redacted DEA reports dated May 17, 1989, and May 24, 1988, indicating that Stanley Levy was the target of a drug-trafficking investigation, and a redacted DEA report dated February 12, 1991, stating that it was the belief of the DEA St. Louis office that Stanley Levy "may have been the victim of foul play and may be deceased." (Exh. B).
Plaintiff also submits the affidavit of his uncle, Richard Levy, attesting that he had been very close with his brother prior to the disappearance, had assisted plaintiff in attempts to find Stanley Levy, and has had no contact with of any kind with Stanley Levy since May 9, 1990.
General Electric moves this Court to strike plaintiff's exhibits related to drug activities by Stanley Levy on the ground that the exhibits are not properly certified, and to plaintiff's statements in his affidavit regarding drug activities on the ground that the statements are hearsay. In the alternative, General Electric argues that if this evidence were authenticated and properly before the Court, the evidence, as a matter of law, is insufficient to sustain a finding that Stanley Levy suffered an accidental death because it could just as easily support the finding that Stanley Levy disappeared on purpose to avoid prosecution.
General Electric also argues that plaintiff cannot avoid summary judgment by relying on the drug evidence because that evidence would preclude coverage under the above-quoted exclusion providing that no benefit will be paid for any loss caused or contributed to by the commission of a felony by the covered person.
Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the evidence submitted would allow a reasonable juror to return a verdict for the nonmoving party, summary judgment is not appropriate; thus, on a question of fact, the Court must determine if the evidence submitted authorizes submission of the case to the jury. Derickson v. Fidelity Life Ass'n, 77 F.3d at 264. In considering General Electric's motion for summary judgment, this Court must view the evidence in the light most favorable to plaintiff and third-party defendant. See Derickson v. Fidelity Life Ass'n., 77 F.3d 263, 264 (8th Cir.1996).
As the parties agree, Missouri law governs this action. Under Missouri law, to make a submissible case for breach of an insurance policy, the insured must prove that the loss was the result of the cause insured against. Cappo v. Allstate Life Ins. Co., 809 S.W.2d 131, 134 (Mo.Ct. App.1991); State Farm Mut. Auto. Ins. Co. v. Underwood, 377 S.W.2d 459, 462 (Mo.1964) (en banc) (accident insurance coverage requires putative beneficiary to prove accident as condition precedent to insurer's duty to pay).
Upon review of the record, the court concludes that no reasonable juror could find that it was more likely than not that Stanley Levy died as the result of and within 120 days after a covered accident. Without the drug evidence, a juror could only find that Stanley Levy disappeared, *934 and that he was presumed dead under Missouri law; a juror, however, could not find that he died within 120 days of an accident. To do so would be to impermissibly pile inference upon inference. See Houchens v. American Home Assur. Co., 927 F.2d 163 (4th Cir.1991) (summary judgment proper against wife seeking to recover under husband's accident insurance policy where husband who disappeared while traveling in Thailand was presumed dead under state law, but there was no actual evidence of death); see also Cappo v. Allstate Life Ins. Co., 809 S.W.2d at 134 (one claiming under accidental death insurance policy of insured who disappeared could not make submissible case by stacking presumption of death and presumption that alleged death was result of accidental injury). The Court believes that in the present case a finding of death within 120 days of a covered accident would be based on impermissible speculation and conjecture.
The Court agrees with General Electric that reliance on the drug evidence to establish death by foul play would, as a matter of law, trigger the exclusion to coverage for accidental death contributed to by the insured's felony-related activities. The Court also notes that under Missouri law, death by murder which was a reasonable consequence of the insured's criminal activities would not be covered by an accidental death insurance policy. Cappo v. Allstate Life Ins. Co., 809 S.W.2d at 135.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted.
IT IS FURTHER ORDERED that all other motions are denied as moot.
NOTES
[1] The action, originally filed in state court, was removed to this Court based on diversity jurisdiction.