William D. ROPER, Plaintiff–Appellant,

v.

PEABODY COAL COMPANY, Defendant–Appellee.

No. 94–2649.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 4, 1995.

Decided Feb. 17, 1995.

J.C. Mitchell (argued), Stephen R. Green, Mitchell & Armstrong, Marion, IL, for plaintiff-appellant.

Kenneth V. Byrne (argued), Terrance L. Farris, Latourette, Schlueter & Byrne, St. Louis, MO, for defendant-appellee.

Before BAUER and MANION, Circuit Judges, and MILLER, District Judge.*

MILLER, District Judge.

William Roper appeals from the district court's judgment, following trial, in favor of the defendant, Peabody Coal Company. The district court found that Mr. Roper failed to establish a *prima facie* case on his claim that his discharge from employment by Peabody violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* We have jurisdiction under 28 U.S.C. § 1291, and affirm the district court's judgment.

■ The district court found, with sufficient evidentiary support, that Mr. Roper was discharged as part of an ongoing reduction in force. Mr. Roper had no direct evidence of age discrimination. Accordingly, to avail himself of the inference of age discrimination permitted through the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), Mr. Roper was required to show that (1) he was in the protected age group, (2) he was performing to his employer's legitimate expectations, (3) he was discharged, and (4) younger employees were treated more favorably. *Oxman v. WLS–TV*, 12 F.3d 652, 654–55 (7th Cir.1993) (quoting *Oxman v. WLS–TV*, 846 F.2d 448, 455 (7th Cir.1988)). Had Mr. Roper proven these things by a preponderance of the evidence, the burden would have shifted to Peabody to articulate a legitimate non-discriminatory reason for discharging Mr. Roper, and Mr. Roper then would have borne the burden of proving the articulated reason to have been a pretext for age discrimination. *St. Mary's Honor Center v. Hicks*, —— U.S.

---

* The Honorable Robert L. Miller, Jr. of the United States District Court for the Northern District of Indiana, is sitting by designation.

——, ——, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993); *Timm v. Mead Corp.*, 32 F.3d 273, 275 (7th Cir.1994). The district court, however, found that Mr. Roper had not demonstrated that younger employees were treated more favorably than Peabody treated Mr. Roper.

■ Our phrasing of the *prima facie* case today varies somewhat from that articulated in *Oxman*, in which the fourth element was that "others not in the protected class were treated more favorably." *Oxman v. WLS–TV*, 846 F.2d at 455. That phrasing, which the district court applied in this case, was appropriate for the facts of *Oxman*, in which the employer allegedly discriminated against the plaintiff in favor of persons under forty years of age. As we recently acknowledged in *Kralman v. Illinois Dept. of Veterans' Affairs*, 23 F.3d 150, 154–56 & n. 3 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 359, 130 L.Ed.2d 313 (1994), however, the ADEA protects older employees from discrimination on the basis of age, not just discrimination in favor of persons under the age of forty. Accordingly, we have reformulated the fourth element of the *prima facie* case.

Although the district court's decision turned on the fourth element of the *prima facie* case, our reading of the district court's opinion does not suggest that application of our reformulated test would have changed the case's outcome.

■ We hasten to add that this formulation of the fourth factor is not talismanic; a felicitous birth order will not always support an inference of age discrimination. *See Bienkowski v. American Airlines*, 851 F.2d 1503, 1506 (5th Cir.1988). Preference for a 74–year–old job applicant over a 75–year–old is unlikely to suffice in establishing a *prima facie* case. The disparity in age within the protected class must be sufficient to create a reasonable inference of age discrimination. *Kralman*, 23 F.3d at 156 n. 7; *Maxfield v. Sinclair Int'l*, 766 F.2d 788, 792 (3rd Cir.), *cert. denied*, 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1985); *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1013 (1st Cir.1979). Today's case is not the occasion to attempt definition of a sufficient disparity: Mr. Roper was 58 years old when he was laid off, and he seeks to compare his treatment to a number of workers who were, for the most part, in their early forties or younger. As is discussed below, this case's resolution turns not on how much younger the favored employees were, but rather on whether any employees were favored.

■ Mr. Roper contends that the evidence did not support the district court's finding that a *prima facie* case had not been made out. Mr. Roper embarks upon a daunting undertaking in challenging the district court's finding. We disturb a trial court's findings of fact, and determinations of mixed questions of law and fact, only if they are clearly erroneous. Fed.R.Civ.P. 52(a); *F.D.I.C. v. Bierman*, 2 F.3d 1424, 1431 (7th Cir.1993). A finding is clearly erroneous only if it leaves us with the definite and firm conviction that a mistake has been committed, a conviction we cannot reach if the trial judge chose between permissible views of the evidence. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985).

■ Mr. Roper has not succeeded in his appellate undertaking. He is correct that other persons were transferred rather than discharged during the reduction in force, but that does not satisfy his burden. First, employees of all ages were transferred. Second, Mr. Roper, too, was transferred, first to Shawneetown, and then to St. Louis, where he declined a position in which he would have produced a company newsletter. In short, Mr. Roper was not treated differently from younger people; under those circumstances, his discharge simply does not support an inference that his age played a determining factor in Peabody's decision to discharge him.

Mr. Roper reaches his belief that others were treated more favorably by focusing on too narrow a time period and on too broad a range of Peabody employees. Mr. Roper looks only to the years since 1989, the year in which he was discharged. Peabody's reduction in force, however, actually began in 1987, when employees aged 34 and 31 were discharged while Mr. Roper was transferred to the corporate office. Further, Mr. Roper

points to younger employees who purportedly were treated more favorably than he, but those employees are not easily comparable to Mr. Roper, who lacked their education and had, in recent years, been working in the corporate office rather than in the mines.

■ Even if we were persuaded that the district court erred in finding that Mr. Roper failed to establish this fourth element of his *prima facie* case, we would not reverse the judgment. *St. Mary's Honor Center,* —— U.S. at —— – ——, 113 S.Ct. at 2748–49, teaches us that the indirect method of proof is based on presumptions and inferences that not only govern summary judgment and motions for judgment as a matter of law at the conclusion of the plaintiff's case, but remain at the conclusion of all the evidence for the factfinder's consideration. Thus, although Mr. Roper lost his case for failure to establish a *prima facie* case, the district court heard evidence on Peabody's stated reason for Mr. Roper's discharge, and heard Mr. Roper's efforts to show that the stated reason was a pretext for age discrimination.

The court found that Mr. Roper's "jack of all trades" experience impeded a transfer of the sort given other employees; once Mr. Roper declined the newsletter position, "Peabody had run out of positions for his 'jack-of-all-trades' talents." These findings and conclusions indicate (with, we believe, support in the record) that Mr. Roper failed to persuade the district court that Peabody's stated reason was a pretext for age discrimination. Thus, even if the district court could be said to have erred in finding that Mr. Roper had not shown that younger employees were treated more favorably, Peabody rebutted the presumption of discrimination that arises from the *prima facie* case, and Mr. Roper did not meet his ensuing burden of proving pretext.

■ The burden-shifting analysis set forth above does not govern our appellate review; our inquiry is only whether the record supports the ultimate finding that Mr. Roper's age did not play a part in his discharge. *Watson v. Amedco Steel, Inc.,* 29 F.3d 274, 279–80 (7th Cir.1994). Mr. Roper presented no direct evidence of discriminatory motive, and the district court found that Mr. Roper

had not produced sufficient evidence to justify the inference of discrimination permitted by the *McDonnell Douglas* method of indirect proof. Because this finding was not clearly erroneous, we affirm.

AFFIRMED.