**Jack E. BRIDGES, Plaintiff,**

v.

**IIT RESEARCH INSTITUTE, Defendant.**

**No. 94 C 1003.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 9, 1995.

Larry Daniel Drury, Chicago, IL, Allen S. Gerrard, Gerrard & Gerrard, Chicago, IL, for plaintiff.

Max G. Brittain, Jr., Wendy Lynne Nutt, Brittain, Sledz, Morris & Slovak, Chicago, IL, for defendant.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court is the motion of Plaintiff Jack E. Bridges ("Bridges") for an extension of time, and the motion of Defendant IIT Research Institute ("IIT") for summary judgment. For the following reasons, Bridges's motion for an extension is denied and IIT's motion for summary judgment is granted.

### I. MOTION FOR EXTENSION OF TIME

On June 26, 1995, the court ordered that Bridges file its response to IIT's motion for summary judgment by July 10, 1995. On July 7, 1995, Bridges filed a motion for extension of time in which to respond. Notwithstanding that Bridges had not fixed a date to present the motion as required by Local Rule 12(E) of the United States District Court for the Northern District of Illinois ("Local Rules"), the court granted the motion and gave Bridges until July 24, 1995, to respond to IIT's motion for summary judgment. On July 21, 1995, Bridges filed another motion for extension of time. Once again, Bridges did so without fixing a date for presentment as required by Local Rule 12(E). Local Rule 12(I) provides that if counsel "delivers a motion for which no date of presentment is set and fails to serve notice of a date of presentment within 10 days of delivering the copy of the motion to the court as provided by section E of the Rule, the

Court may on its own initiative deny the motion." Local Rule 12(I). It has been more than ten days since the motion was filed, and no presentment date has been fixed. Thus, Bridges has failed to bring the motion for extension of time before the court in the appropriate manner, and the court denies the motion on this basis.

■ Furthermore, the only basis for the extension was the busy schedule of Plaintiff's attorneys. In his original motion for extension, Bridges requested that he be given twenty-one extra days. The court granted fourteen. In his second motion for extension, Bridges asked the court for another fourteen days. The court is puzzled by Bridges's second request. If the court was unwilling to grant Bridges a twenty-one day extension on the first motion, there is no reason to infer that the court would be willing to grant two sequential extensions resulting in a total of twenty-eight days. The court has an obligation to keep its docket as current as possible, *see Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir.1986), and a busy lawyer's pressing schedule is not a legitimate excuse for failing to adhere to the court's briefing schedule. Therefore, on this additional basis, the court denies Bridges's motion for an extension of time to respond to IIT's motion for summary judgment.

■ The court also notes that Bridges did not move for an extension pursuant to Federal Rule of Civil Procedure 56(f). That rule provides a party may postpone ruling on a motion for summary judgment by affirmatively demonstrating, by way of affidavit, that the party's opposition to the motion is meritorious and how the postponement will enable the party to show that there is a genuine issue of material fact. Fed.R.Civ.P. 56(f); *United States v. On Leong Chinese Merchants Ass'n Bldg.*, 918 F.2d 1289, 1295 (7th Cir.1990). Even had Bridges moved pursuant to Rule 56(f), the court would not grant the extension because the Rule is not to be used as a delay tactic or scheduling aid for busy attorneys. *See United States v. All Assets and Equipment of West Side Building Corp.*, 58 F.3d 1181 (7th Cir.1995); *United States v. Oldsmobile–Cadillac, Inc.*, 766

F.2d 1147, 1153 (7th Cir.1985) ("A party who has been dilatory in discovery may not use Rule 56(f) to gain a continuance where he has made only vague assertions that further discovery would develop genuine issues of material fact."). The affidavit of counsel for Bridges stating that counsel is busy dealing with other matters does not provide a basis upon which to postpone ruling pursuant to Rule 56(f).

## II. *MOTION FOR SUMMARY JUDGMENT*

### *Facts*

The facts are taken from the parties' submissions pursuant to Local Rules 12(M) and 12(N) of the United States District Court for the Northern District of Illinois ("Local Rules"). Because Bridges did not file a 12(N) statement, the court accepts as true all properly supported factual assertions in IIT's 12(M) statement. Local Rule 12(N); *Rosemary B. v. Board of Educ.*, 52 F.3d 156 (7th Cir.1995); *Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir.1994); *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 453, 455 n. 4 (7th Cir.1994); *Tokio Marine and Fire Ins. Co., v. Amato Motors, Inc.*, 871 F.Supp. 1010, 1015–16 (N.D.Ill.1994).

Bridges complaint alleges that IIT terminated him on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* IIT is a not-for-profit research and development organization. Bridges was employed by IIT at its Chicago facility starting in 1961 as a manager in IIT's Applied Sciences Group ("ASG"). He became a Senior Science Advisor in 1975 and held that position until he was terminated on November 30, 1992. Bridges was born on January 6, 1925.

IIT is composed of scientific groups, each of which engages in research and development in its specific area. Dr. Anthony Valentino ("Valentino") headed up the ASG in 1992. The ASG is divided into five technical departments. In July 1992, the departments were: (1) Transport Technology (Department V); (2) Electromagnetic Compatibility Assurance (Department D); (3) Chemistry and Environmental Sciences (Department C);

(4) Electronics and Technology Development (Department E); and (5) Life Sciences (Department L). Bridges was employed in Department E, the Electronics and Technology Department. Department E was further subdivided into four sections: Explosion Science, Electromagnetic and Electronic System Engineering, Engineering Service, and Software Engineering and Systems Analysis.

Bridges worked only in the Electromagnetic and Electronic Systems Engineering section. He performed three functions: long-range business development, provision of advisory assistance at all levels of a project, drafting project proposals. However, the majority of his efforts were focused on business development.

In July 1992, in the face of operating losses for several of the departments during the 1992 fiscal year, Valentino determined that it was necessary to reduce expenses. Particularly, Departments E and L were facing funding losses due to the loss or reduction of significant long-term projects.[1]

Department E was supervised by John J. English ("English"), the Director of Research. English reported directly to Valentino. In June and July 1992, during the budgeting process for the fiscal year of 1993, English determined that Department E would experience a reduction in work load. He determined that he needed to reduce costs, including payroll costs, to match the projected work load for the coming year. In seeking out cost savings, English determined that Bridges was the least essential employee to ensuring the completion of scientific research that Department E was conducting. This was because Bridges function was primarily business development. Therefore, he recommended to Valentino that Bridges's position be eliminated.

Valentino also analyzed what functions could be eliminated without affecting the quality of scientific work being performed. While understanding that eliminating Bridges's position might affect the inflow of future projects, Valentino determined that the position could be eliminated without dis-turbing the ongoing scientific work in the ASG. Because he believed ASG could not continue to financially support Bridges's business development function and the scientific work it had already contracted to perform, and aware that English had also identified Bridges as the individual least necessary to continue the functioning of Department E, Valentino decided to eliminate Bridges's position as part of the overall plan to reduce costs.

On July 17, 1992, Valentino and Ronald Seipp ("Seipp"), the Manager of Human Resources for the ASG, met with Bridges and informed him that his position was being eliminated. Various options were discussed with Bridges including part-time employment, retirement, or employment as a consultant. Bridges was given time to consider these options, and at his request, Seipp provided Bridges with information regarding retirement.

On August 25, 1992, Valentino and Seipp met with Bridges and informed him that he was being placed on working notice for the period of September 1 to November 30, at which time his employment would be terminated. These terms were also communicated in writing on August 31, 1992. After his termination, IIT employed Bridges as a consultant on occasion.

The majority of functions formerly performed by Bridges were abandoned by IIT after his termination. A small fraction of his business development functions were assumed by Valentino and Dr. Sid Firstman. To date, IIT has not hired anyone to fill Bridges position. In the year prior to November 30, 1992, IIT hired only two individuals in the Chicago facility in Department E. E.T. Thiele, born in 1965, was hired as a temporary assistant engineer, and G.R. Gribbon, born in 1960, was hired as an experimentalist. Between July 17, 1992, and May 1993, there were no new hires in Department E in the Chicago facility. In June 1993, Richard Kloempkin was recalled to work as a Senior Engineer in Department E. He had

---

1. ASG lost $2.5 million worth of revenue from Amoco, and between $500,000 and $1 million from the Navy.

previously been laid off due to lack of work on March 30, 1993.

*Discussion*

 Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Salima v. Scherwood South, Inc.*, 38 F.3d 929, 931 (7th Cir. 1994); *Transportation Communications Int'l Union v. CSX Transp., Inc.*, 30 F.3d 903, 904 (7th Cir.1994). Summary judgment is not a discretionary remedy and must be granted when the movant is entitled to it as a matter of law. *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir.1994). Even though all reasonable inferences are drawn in favor of the party opposing the motion, *Associated Milk Producers, Inc. v. Meadow Gold Dairies*, 27 F.3d 268, 270 (7th Cir.1994), presenting only a scintilla of evidence will not suffice to oppose a motion for summary judgment. *Walker v. Shansky*, 28 F.3d 666, 671 (7th Cir.1994). Nor will some metaphysical doubt as to the material facts suffice. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

 To make out a *prima facie* case of discrimination in a reduction of force case, a plaintiff must present evidence that (1) he was in the protected class, (2) he was performing to the legitimate expectations of his employer, (3) he was terminated, and (4) younger employees were treated more favorably. *Roper v. Peabody Coal Co.*, 47 F.3d 925, 926 (7th Cir.1995).

 Once the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate reason for discharging the plaintiff. *Id.* The burden then shifts back to the plaintiff to show that the reason proffered by the defendant is a pretext for discrimination. *Oxman v. WLS-TV*, 846 F.2d 448, 453 (7th Cir.1988).

 Bridges has failed to present evidence indicating that younger employees were treated more favorably than he. The uncontested facts demonstrate that Bridges was not replaced. No new employees were hired to perform the work that he had performed. His functions were either abandoned or absorbed by other employees. Furthermore, Bridges has presented no evidence that similarly situated younger employees were treated any better. Accordingly, he has failed to establish a *prima facie* case, and IIT is entitled to summary judgment.

 In addition, even had Bridges presented evidence sufficient to establish a *prima facie* case, IIT has articulated a legitimate, non-discriminatory reason for his termination. The uncontested evidence demonstrates that ASG was experiencing financial difficulties and could no longer afford to keep Bridges on the payroll. He was determined to be the least important person for the continuation of Department E's operations. IIT's business decision to potentially sacrifice future business prospects by terminating Bridges in order to survive short term is one that this court will not second guess. *Rand v. CF Indus., Inc.*, 42 F.3d 1139, 1146 (7th Cir.1994).

Furthermore, Bridges has presented no evidence from which a jury could infer that IIT's reason for terminating him was a pretext. "Any pretext determination is concerned with 'whether the employer honestly believes in the reasons it offers,' not whether it made a bad decision." *Id.* (quoting *Kralman v. Illinois Dept. of Veterans' Affairs*, 23 F.3d 150, 156–57 (7th Cir.1994)). None of the evidence presented indicates that IIT did not honestly believe that it needed to terminate Bridges for financial reasons. Accordingly, Bridges has failed to present evidence indicating that there is a genuine issue of material fact for trial.

 Additionally, Local Rule 12(P) provides that the court can grant a motion if the party opposing the motion fails to file an answering memorandum. Local Rule 12(P). Bridges has failed to file an answering memorandum opposing IIT's motion for summary judgment. Therefore, the court invokes Lo-

cal Rule 12(P) as an additionally basis for granting IIT's motion for summary judgment.

On August 3, 1995, notwithstanding that he never received leave of the court to file his responsive pleading after it was due, Bridges filed a response to IIT's motion for summary judgment and a 12(N) statement. The court has briefly looked over Bridges's submissions. While the court bases its ruling on the discussion above, it notes that Bridges's submissions appear merely to be an attack on IIT's business judgment, which the court has noted is not subject to judicial review. *See Rand.*, 42 F.3d at 1146. Bridges's affidavit largely admits most of IIT's factual assertions and consists mainly of self-serving assessments of his contributions to the firm, which do not create a genuine issue of fact. *Gustovich v. AT & T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir.1992). Thus, even if the court were to have considered the substance of Bridges's submissions, it is not likely that he would have survived the motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Bridges motion for an extension of time to respond to IIT's motion for summary judgment is denied. IIT's motion for summary judgment is granted.

IT IS SO ORDERED.