Dr. Myrta Lois HUNT, Plaintiff,

v.

**D.C. DEPARTMENT OF CORRECTIONS, and The District of Columbia, Defendants.**

Civil Action No. 97–1440 (PLF).

United States District Court, District of Columbia.

March 26, 1999.

Mindy Gae Garber, Jacobs Jacobs & Farber, Rockville, MD, Edward Samuel Fischman, Bethesda, MD, for plaintiff.

Georgia Ann Carty, Office of Corporation Counsel, Washington, DC, for defendants.

## OPINION

FRIEDMAN, District Judge.

Defendants have filed a motion for summary judgment. In response, plaintiff has filed an opposition and a request to postpone any ruling on the motion for summary judgment pending further discovery. Pursuant to the Court's Order of February 24, 1999, defendants submitted a supplemental affidavit. Upon consideration of the papers filed, the Court concludes that defendants have established that they are entitled to judgment as a matter of law on all counts except Count 4, alleging breach of contract, and that the additional discovery sought by plaintiff in her Rule 56(f) motion is irrelevant to the Court's analysis. Defendants' motion for summary judgment therefore will be granted in part, and plaintiff's request for further discovery will be denied.

## I. BACKGROUND

Plaintiff Dr. Myrta Lois Hunt is a 57 year-old female dentist with a history of unfortunate legal representation. She has been working for the District of Columbia Department of Corrections as a correctional officer since 1983. She alleges that when she was hired as a correctional offi-

cer, she was told that there were no dental officer positions open, but that when a dental officer position opened, she would receive priority consideration for that position if she was working as a correctional officer. From 1983 until 1989, she applied for numerous dental officer positions, but she never was hired as a dental officer. In 1989, frustrated with the Department, she filed a gender discrimination complaint with the Equal Employment Opportunity Commission, and she received a right-to-sue letter from the EEOC in 1990. Pl's Opp., Exh. 1 (Affidavit of Dr. Hunt) at ¶ 9. In 1990, she filed suit alleging age and gender discrimination. Pl's Opp., Exh. 1 (Affidavit of Dr. Hunt) at ¶ 58. Her attorney in that case never served the complaint, and the suit was dismissed for want of prosecution. *Id.* at ¶ 59.

In December 1994, represented by a new attorney, Dr. Hunt filed a second employment discrimination suit against the Department alleging age and gender discrimination. Pl's Opp., Exh. 1 (Affidavit of Dr. Hunt) at ¶ 60. Her attorney failed, however, to advise her that the time for filing suit on the right-to-sue letter issued in 1990 had expired and that she needed to file another discrimination complaint with the EEOC in order to obtain a new right-to-sue letter. *Id.* at ¶ 61. Her suit therefore was dismissed for failure to exhaust her administrative remedies. Ds' Mot. for Summ. J., Exh. 8 (*Hunt v. Barry*, Civil Action No. 94–2669, Order of July 31, 1995 (D.D.C.)). Her lawyer in that case has since been disbarred, and Dr. Hunt has been unable to reach that lawyer to retrieve certain documents. Pl's Opp., Exh. 1 (Affidavit of Dr. Hunt) at ¶ 67.

On April 3, 1996, plaintiff filed another complaint with the EEOC alleging that the Department had discriminated against her on the basis of her age and that the Department had retaliated against her for filing the 1989 EEOC complaint. *See* Pl's Opp., Exh. 7 (EEOC Complaint).[1] Dr.

---

1. In her complaint filed in this case, Dr. Hunt alleges that she filed with the EEOC "[i]n or

about April 1995." *See* Complaint at ¶ 7. From the face of the form filed with the

Hunt did not allege gender discrimination in that complaint. *See id.* "On or about March 21, 1997," the EEOC issued a right-to-sue letter on Dr. Hunt's retaliation claim, and on April 21, 1997, the Department of Justice issued a right-to-sue letter on Dr. Hunt's age discrimination claim. *See* Complaint at ¶ 8.[2]

Defendants have submitted an affidavit of a Medical Director at the Department of Corrections asserting that "the last dental officer hired in the D.C. Department of Corrections was May 3, 1993" and that none has been hired since. Affidavit of Eliza Taylor, M.D. at ¶ 3. Dr. Hunt testified at her deposition that she applied for a dental officer position sometime in the spring of 1995. She testified that she did not know whether interviews ever were conducted for the position, but she stated that she understood that someone had been hired for the position because she "just heard—just heard, you know—just passing through. I think I just heard passing through the infirmary at the Jail." Pl's Opp., Exh. 4 (Deposition of Dr. Hunt) at 8–10.

On June 23, 1997, Dr. Hunt filed a seven count complaint in this Court. Count 1 alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). Count 2 alleges gender discrimination and Count 3 alleges retaliation, both in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* Counts 5, 6 and 7 allege gender discrimination, retaliation and age discrimination in violation of the District of Columbia Human Rights Act, D.C.Code § 1–2501, *et seq.* Count 4 is a breach of contract claim; Dr. Hunt alleges that defendants breached a provision of

the collective bargaining agreement which provides that employees who serve in an acting capacity at a higher level position than their permanent position for longer than ninety consecutive days must be compensated commensurate with the salary of the higher position.

## II. DISCUSSION

### A. ADEA Age Discrimination Claim

Dr. Hunt alleges that the Department of Corrections failed to hire her for available dental officer positions because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* The ADEA requires plaintiff to file her complaint with the EEOC within 300 days of the alleged discriminatory act giving rise to the complaint. *See* 29 U.S.C. § 626(d)(2). A discriminatory event giving rise to Dr. Hunt's claim therefore must have taken place in the 300 day period between June 5, 1995, and April 3, 1996, when Dr. Hunt filed her complaint with the EEOC. Dr. Hunt has alleged that the discriminatory event at issue is the Department's failure to hire her for a dental officer position. *See* Complaint at ¶¶ 23–26. She has alleged no other discriminatory events or acts by the Department within the applicable statute of limitations.

A *prima facie* case of age discrimination under the familiar *McDonnell Douglas* framework requires Dr. Hunt to show that: (1) she is over 40 years of age; (2) she applied for and was qualified for a position; (3) she was not hired for that position; and (4) someone younger than she was hired for the position or the employer continued to seek applicants for the position. *See Roper v. Peabody Coal Co.*, 47 F.3d 925, 926–27 (7th Cir.1995) (apply-

---

EEOC and from the form indicating the date on which the Department of Corrections received notice of the charge of discrimination, however, it is clear that Dr. Hunt filed her discrimination charge with the EEOC in April *1996*, rather than April *1995*. *See* Pl's Opp., Exh. 7 (EEOC Complaint); Ds' Mot. for Summ. J., Exh. 1 (Notice of Charge of Discrimination).

2. Dr. Hunt failed to include a copy of either one of the right-to-sue letters. For purposes of deciding the motion for summary judgment, however, the Court will accept the allegations in the complaint as true and will use the March 21 and April 21, 1996 dates as the dates of the right to sue letters.

ing *McDonnell Douglas* framework to ADEA claims); *Cuddy v. Carmen,* 694 F.2d 853, 856–57 (D.C.Cir.1982) (same).

Dr. Hunt is fifty-seven years old, and she therefore is a member of the protected class. It is not at all clear, however, that she applied for and was denied a position within the relevant period of the statute of limitations between June 5, 1995 and April 3, 1996. She claims that she applied for a dental officer position sometime in 1995, but she does not remember exactly when she applied. *See* Pl's Opp., Exh. 4 (Deposition of Dr. Hunt) at 8 ("[I]t was in '95. . . . [I]t may have been springtime. I'm not sure").

Even assuming a sufficient showing that she applied for and was not hired for that job within the limitations period, there is absolutely no evidence that the Department hired *anyone* as a dental officer during that period or continued to advertise the position. Dr. Hunt has not provided any evidence to support the fourth element of her *prima facie* case other than her sketchy recollection of what she may have "heard passing through the infirmary" in 1995, while defendants have submitted an affidavit stating that no dental officer has been hired by the Department since May 3, 1993. Affidavit of Eliza Taylor, M.D. at ¶ 3. Because Dr. Hunt has provided no evidence that anyone was hired as a dental officer in 1995 when she applied for the dental officer position and no evidence that the Department continued to seek any applications for dental officer positions, she has failed to establish an essential element of her *prima facie* case of age discrimination.

Dr. Hunt has alleged that she applied for dental officer positions prior to 1995 and that younger people were hired for those positions instead of her, but a discrimination claim based solely on those allegations is barred by the statute of limitations. *See* 29 U.S.C. § 626(d)(2). Dr. Hunt argues that the Department's failure to hire her prior to June 5, 1995 is relevant because it establishes a continuing violation, but she appears to misunderstand the continuing violation theory. The continuing violation theory applies where plaintiff shows a "series of related acts, *one or more of which falls within the limitations period,* or the maintenance of a discriminatory system both before and during the statutory period." *Milton v. Weinberger,* 645 F.2d 1070, 1074–75 (D.C.Cir.1981) (emphasis added); *see Palmer v. Kelly,* 17 F.3d 1490, 1496 (D.C.Cir.1994) ("The first question in the analysis of a continuing violations claim is whether an actual violation of Title VII occurred during the statutory period"). Plaintiff must establish that the pattern of discrimination continued into the relevant period of the statute of limitations by establishing that at least one discriminatory event occurred within the statute of limitations. As discussed *supra* at 34–35, Dr. Hunt has failed to establish any discriminatory event within the applicable statute of limitations, that is in the period from June 5, 1995 until April 3, 1996. The continuing violation theory therefore is inapplicable.

Finally, Dr. Hunt contends that the statute of limitations should be equitably tolled back to 1989, when she filed her first discrimination complaint with the EEOC. "Equitable tolling permits a plaintiff to avoid the bar of the limitations period if despite all due diligence she is unable to obtain vital information bearing on the existence of her claim." *Smith–Haynie v. District of Columbia,* 155 F.3d 575, 579 (D.C.Cir.1998) (quoting *Mondy v. Secretary of the Army,* 845 F.2d 1051, 1057 (D.C.Cir.1988)). The Court's equitable power to toll the statute of limitations, however, "will be exercised only in extraordinary and carefully circumscribed instances." *Id.* at 580. Dr. Hunt has presented no such extraordinary circumstances. *See Saltz v. Lehman,* 672 F.2d 207, 209 (D.C.Cir.1982) (plaintiff has burden of pleading and proving equitable reasons for tolling statute of limitations).

Even assuming that the Court were inclined to toll the statute of limitations for filing an action on the 1990 EEOC right to sue letter, Dr. Hunt did not allege age discrimination in that EEOC complaint. *See* Ds' Mot. for Summ. J., Exh. 8 (*Hunt v. Barry*, Civil Action No. 94–2669, Order of July 31, 1995 (D.D.C.)) at 3. Furthermore, even if Dr. Hunt had alleged age discrimination in her EEOC complaint, there are too many statutes of limitations that would require tolling for too long to justify equitable relief.

This is Dr. Hunt's third lawsuit since the issuance of the 1990 right to sue letter, and it now has been nine years since the issuance of that letter. In order for an action on the 1990 right to sue letter to be deemed timely, the Court would be required to toll (1) the statutory ninety day period within which a complaint must be filed after the issuance of the right to sue letter, since the letter was issued in 1990, (2) the one year period pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from the Order of November 13, 1990 dismissing without prejudice Dr. Hunt's first complaint, and (3) the one year period pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from the Order of July 28, 1995 dismissing Dr. Hunt's second complaint. *See* Ds' Mot. for Summ. J., Exh. 8 (*Hunt v. Barry*, Civil Action No. 94–2669, Order of July 31, 1995 (D.D.C.)) at 3–4. Dr. Hunt simply has not presented sufficient equitable reasons for her failure to file suit on her 1990 right to sue letter until June 23, 1997. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence").

### B. Title VII Gender Discrimination Claim

■ Dr. Hunt has failed to exhaust her administrative remedies on her gender discrimination claim. *See* 42 U.S.C. § 2000e–5(f)(1). In her 1996 EEOC claim form, Dr. Hunt specifically checked the boxes for age discrimination and retaliation, but she did not check the box for gender discrimination. *See* Pl's Opp., Exh. 7 (EEOC Complaint). Nor is there anything within the EEOC claim form that indicates that Dr. Hunt was alleging gender discrimination: All of her allegations relate quite specifically to age discrimination and retaliation, and her employer therefore could not even arguably have been on notice that she was also complaining of discrimination on the basis of gender. This claim therefore will be dismissed. *See Park v. Howard University*, 71 F.3d 904, 906–07 (D.C.Cir.1995) ("A court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the Title VII administrative process"), *cert. denied*, 519 U.S. 811, 117 S.Ct. 57, 136 L.Ed.2d 20 (1996).

Even if her EEOC complaint could be read to include a gender discrimination claim, Dr. Hunt has failed to present a *prima facie* case. Dr. Hunt's gender discrimination claim purports to rely on the same failure to hire her to a dental officer position in 1995. As indicated above, *see supra* at 34–35, Dr. Hunt has failed to meet her burden of production with respect to the *prima facie* case.

### C. Title VII Retaliation Claim

The Title VII retaliation claim raises a variation of the procedural problems presented in the age and gender discrimination claims and must also be dismissed. First, it appears that Dr. Hunt may not have timely filed her complaint in this Court with respect to her retaliation claim. A civil action under Title VII must be brought within ninety days after the giving of the notice of a right to sue. *See* 42 U.S.C. § 2000e–5(f)(1). According to Dr. Hunt's complaint, the EEOC issued a right to sue letter on her retaliation claim on or

about March 21, 1997.[3] The complaint was filed in this case on June 23, 1997, ninety-four days after the right-to-sue letter was issued.

 More importantly, plaintiff has failed to establish a *prima facie* case because she has failed to allege that defendants took any retaliatory act within the applicable 300–day period prior to the filing of her EEOC complaint in 1996. In her claim with the EEOC, Dr. Hunt alleged that defendants retaliated against her for helping female co-workers file their EEO complaints and that the retaliation took the form of "not being paid wages for the duties of Acting Lieutenant." *See* Pl's Opp., Exh. 7 (EEOC Complaint) at 3–4. In her complaint in this Court, she alleges that the Department failed to pay her Acting Lieutenant wages from July 1993 until July 1994, *see* Complaint at ¶ 17, a period clearly more than 300 days prior to the filing of her EEOC complaint in 1996.

To the extent that plaintiff is seeking now to raise a different retaliation claim from that presented in her 1996 EEOC complaint, that claim must be dismissed for failure to exhaust administrative remedies. Plaintiff's complaint alleges that defendants retaliated against her for filing a gender discrimination complaint in 1989 by "refusing to hire her for any dental officer positions which became available during her tenure, despite her repeated requests to be hired." *See* Complaint at ¶ 33. As mentioned above, her EEOC, complaint alleges that defendants retaliated against her for helping female co-workers file their EEO complaints. *See* Pl's Opp., Exh. 7 (EEOC Complaint) at 3–4. It therefore is quite apparent that Dr. Hunt now is alleging a retaliation claim different from the claim on which she filed her EEOC complaint. That she cannot do in this case.

When a plaintiff has filed an administrative charge of discrimination with the EEOC and/or a suit on that claim and subsequently alleges that her employer has retaliated against her for filing *that* claim, courts frequently have not required the plaintiff to file a new administrative action with the EEOC in order to exhaust her administrative remedies on the retaliation claim. *See Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir.1992); *Hayes v. Shalala*, 902 F.Supp. 259, 266 (D.D.C.1995). The rationale for excusing administrative exhaustion in such a case is that the retaliation is "like or reasonably related to ... and growing out of [the discrimination claims]," and by exhausting the discrimination claims, plaintiff in effect has exhausted her remedies with respect to the retaliation claim growing out of that discrimination claim. *See Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir.1989). By contrast, Dr. Hunt's retaliation claim does not allege retaliation "growing out of" the age discrimination claims in her 1996 EEOC complaint but rather seeks to revive her ancient 1989 claim. The Title VII retaliation claim therefore will be dismissed.

### D. District of Columbia Human Right Act Claims

 Counts 5, 6 and 7 arise under the District of Columbia Human Rights Act, D.C.Code § 1–2501, *et seq.* While the D.C. Human Rights Act generally does not require exhaustion of administrative remedies, there is a statutory exhaustion requirement for employees of the District of Columbia government. Government employees must first exhaust their administrative remedies under D.C.Code § 1–2543 before filing suit for alleged violations of the D.C. Human Rights Act. *See Newman v. District of Columbia*, 518 A.2d 698, 700 (D.C.1986) ("[f]or District of Columbia government employees only, ... the Human Rights Act requires the exhaustion of the available administrative remedies").[4] Mu-

---

**3.** Plaintiff has not indicated when she *received* the letter.

**4.** D.C.Code § 1–2543, the exhaustion requirement, provides:

nicipal regulations set forth comprehensive and detailed mechanisms by which discrimination complaints of District of Columbia government employees are processed, investigated and conciliated. D.C.Mun.Reg. § 4–101, *et seq.* Dr. Hunt has not alleged that she exhausted her administrative remedies as required by statute and regulation, and she appears to concede that she in fact did not exhaust them. *See* Pl's Opp. at 14–15. She therefore has no right to bring suit under the D.C. Human Rights Act. *See Newman v. District of Columbia,* 518 A.2d at 700; *Williams v. District of Columbia,* 467 A.2d 140, 142 (D.C.1983).

### E. Plaintiff's Rule 56(f) Motion

In her affidavit, Dr. Hunt alleges that defendants "refused to respond to my requests for documents and refused to answer my interrogatories concerning events prior to September 8, 1994." Pl's Opp., Exh. 1 (Affidavit of Dr. Hunt) at ¶ 72. She therefore requests that the Court order defendants "to comply with the discovery requests and produce all responsive documents and produce all responsive documents and answer all interrogatories irrespective of the defendant's contention that any events prior to September 8, 1994 are not part of any legitimate claim properly before the Court." *Id.*[5] Because the Court has concluded that Dr. Hunt has alleged no discriminatory or retaliatory acts within the applicable statutes of limitations and filing periods and therefore has failed adequately to allege her employment discrimination and retaliation claims, *see supra* at 34–37, any actions that may have occurred before September 8, 1994 are irrelevant to the Court's decision on defendant's motion for summary judgment. Plaintiff's request for discovery therefore will be denied. An Order consistent with this Opinion shall be issued this same day.

SO ORDERED.

### ORDER

For the reasons stated in the Opinion issued this same day, it is hereby

ORDERED that plaintiff's Rule 56(f) Request to Continue Ruling is DENIED; it is

FURTHER ORDERED that defendants' motion for summary judgment is GRANTED to the extent that it seeks dismissal of Counts 1, 2, 3, 5, 6, and 7; and it is

FURTHER ORDERED that Counts 1, 2, 3, 5, 6, and 7 are DISMISSED.

SO ORDERED.

---

Notwithstanding any other provision of this chapter, the Mayor shall establish rules of procedure for the investigation, conciliation, and hearing of complaints filed against District government agencies, officials and employees alleging violations of this chapter. The final determination in such matters shall be made by the Mayor or his designee.

5. Defendants' responses to the requests for production of documents and interrogatories were served on plaintiff's counsel on August 25, 1998. It is not clear why plaintiff's counsel did not at that time seek to bring the discovery dispute before the Court. Instead, plaintiff's counsel waited until January 25, 1999, less then two months before trial in this case was scheduled to begin, before bringing the discovery dispute before the Court in the guise of a Rule 56(f) affidavit.